16-1101-cv
*Allstate Insurance Co., et al. v. Harvey Family Chiropractic, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand seventeen.

PRESENT:     José A. Cabranes,
             Rosemary S. Pooler,
             Gerard E. Lynch,
                         *Circuit Judges.*

---

Allstate Insurance Co., Allstate Property &
Casualty Insurance Co., Allstate Fire &
Casualty Insurance Co., Allstate Indemnity
Co., Allstate Northbrook Indemnity Co.,

        *Plaintiffs-Appellants*,                    16-1101-cv

        v.

Harvey Family Chiropractic, Physical Therapy
& Acupuncture, PLLC, Richard Harvey, D.C.,
Jin Hwangbo, L. AC., Bervin Nelson Brual, P.T.,

        *Defendants-Appellees.*

---

**FOR PLAINTIFFS-APPELLANTS:**     William J. Natbony, Cadwalader,
                                    Wickersham & Taft LLP, Robert A. Stern,
                                    Daniel Marvin, Stern & Montana, LLP,
                                    New York, NY.

1

**FOR DEFENDANTS-APPELLEES:**    Louis F. Chisari, Marcote & Associates, P.C., Hicksville, NY.

Appeal from orders of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be and hereby are **AFFIRMED**.

Plaintiffs-appellants Allstate Insurance Co., Allstate Property & Casualty Insurance Co., Allstate Fire & Casualty Insurance Co., Allstate Indemnity Co., and Allstate Northbrook Indemnity Co. appeal from a March 10, 2016 order denying their motion for a preliminary injunction against defendants-appellees Harvey Family Chiropractic, Physical Therapy & Acupuncture, PLLC ("Harvey FCPTA"), Richard Harvey, D.C., Jin Hwangbo, L.Ac., and Bervin Nelson Brual, P.T, and a March 23, 2016 order denying the plaintiffs' motion for reconsideration. The plaintiffs allege that the defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, by presiding over an enterprise that received funds from fraudulent claims for chiropractic, acupuncture, and physical therapy services under New York state's No-Fault Law. The plaintiffs seek monetary damages and declaratory relief "declaring that Allstate is under no obligation to pay any of Harvey FCPTA's No-Fault claims because of its illegal organization." J.A. 47.

On January 24, 2016, the plaintiffs moved for a preliminary injunction enjoining the defendants from (1) proceeding with No-Fault reimbursement claims pending in state court, and from (2) filing any new arbitration proceedings or civil actions seeking collection of No-Fault benefits from Allstate. On March 10, 2016, the District Court, in an oral ruling, denied the plaintiffs' application for a preliminary injunction on the ground that it lacked the authority to issue the injunction under the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283. The District Court reasoned only that, in a different case, we reversed its grant of an injunction that stayed pending litigation in state court, and that "based upon that and my personal experience, I'm going to deny the preliminary injunction." S.P.A. 22. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the denial of a preliminary injunction for abuse of discretion." *Monserrate v. N.Y. State Senate*, 599 F.3d 148, 154 (2d Cir. 2010) (internal quotation marks omitted). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art"). "[I]n analyzing

2

whether the district court abused its discretion, we may affirm on any ground supported by the record." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks omitted).

"A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *N.Y. ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (internal quotation marks omitted). Irreparable harm is defined as "certain and imminent harm for which a monetary award does not adequately compensate." *Wisdom Imp. Sales Co. v. Labatt Brewing Co.*, 339 F.3d 101, 113 (2d Cir. 2003). Irreparable harm exists "where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." *Brenntag Int'l Chem., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999).

On appeal, the plaintiffs argue (1) that the District Court did have the authority to issue a preliminary injunction under the AIA and RICO, and (2) that the District Court otherwise erred by not issuing the preliminary injunction. We need not reach the question of whether the District Court had the authority to issue an injunction under the AIA and RICO because plaintiffs have failed to establish the irreparable harm necessary for a preliminary injunction. There is no evidence in the record that, upon the conclusion of this matter, the plaintiffs cannot be fully compensated through money damages for the alleged harm suffered from the defendants' fraudulent claims. Even if the defendants obtain other No-Fault reimbursements in state court and arbitrations while this case is pending, the plaintiffs are free to recover those payments should they prevail on their RICO claim. Moreover, the "mere injuries . . . in terms of money, time and energy necessarily expended" absent a stay of ongoing state court and arbitration proceedings "are not enough" to establish irreparable harm. *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995) (internal quotation marks omitted). Nor is the declaratory relief sought by the plaintiffs threatened by the other proceedings.

## CONCLUSION

We have reviewed all of the arguments raised by the plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 10 and March 23, 2016 orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk